On behalf of the FAA, Mr. Jack Hildebrand, and on behalf of the FAA, Ms. Jeanne Prickett. Mr. Hildebrand? May it please the Court, my name is Jack Hildebrand and I represent Mr. Nitz in this matter. What we want this Court to do is remand this case for an evidentiary hearing. The federal law says right to a motion to withdraw a guilty plea and a motion, or a notice, and an appeal, a direct appeal. If this Court decides that that is not the correct relief to be, then we would ask that it be remanded for appointment of a new counsel who can draft a proper post-conviction petition for the defendant with the necessary affidavits. Counsel, perhaps we can break it down in segments that would help the analysis. There is a slimming issue that the affidavit, the verification was not in compliance technically with the Post-Conviction Act. You're aware of that issue? Yes. As I understand, the argument is that Section 109 of the Code of Civil Procedure that would allow this petition to stand. Is that correct? Is that part of your argument? That Section 109 of the Code of Civil Procedure would allow the pleading to stand. The State has attacked the sufficiency of it because it wasn't notarized, correct? Well, I think that it can stand because it's not a jurisdictional requirement, and that can be waived. I don't think there's any – Well, who would – well, the State objected to it. They moved to dismiss. How would it get waived? Well, they didn't move to dismiss on the basis that there was no verification. It wasn't notarized? Pardon me? They didn't ask to dismiss it on the basis that the affidavit was not notarized. Correct. When the trial court made its findings, did it indicate that it either considered the affidavit but still ruled against the defendant, or did the court say, I rule against the defendant in part because the affidavit was not notarized and without the affidavit, this group's failed? His main concern was that the defendant did not make a bona fide showing that he was incompetent to plead. That is how the court handled it. And at that point, in a second stage hearing, we can't be requiring the defendant to make a showing, a complete showing of a bona fide doubt. That's what the evidentiary hearing was for. Did the affidavit relate to that issue? Because if it didn't, then maybe it was irrelevant and immaterial, and therefore the defect of the affidavit would have nothing to do with the court's evidentiary rulings. I don't believe the court dismissed it based on that at all. My question is, did the affidavit relate to the issue of whether or not he was competent? Yes, I think that he stated that he was mentally unfit to plead and stated that he had attempted suicide and was taking all these very powerful drugs. Was he also mentally incapable of executing the affidavit? Possibly, yes. So your position is the state didn't argue with the trial court level on dismissal that the affidavit, that the petition was defective, technically. And so you're saying it's waived. And perhaps then the state comes back and tries to answer with this trunk, well, and it's sort of a novel, interesting argument. I don't know that I agree. Well, the court has no jurisdiction because the court shouldn't have entertained the petition in the first place. It didn't comply with the requirements of the law. What's your response to that argument? Of course the court could reach the petition. There's no question about it. This is not a jurisdictional requirement. If this was a first state proceeding and it was a pro se petition and he didn't put in any kind of affidavits or notarize his petition or his affidavits and the court dismissed it on that basis, he would have a tough time on appeal from that. But that's not what happened. Can't we as the appellate court affirm a judgment on any ground appearing in the record? Pardon? Can we at the appellate court affirm or reverse a judgment on any ground appearing in the record? Can't we affirm on any ground? Even if it wasn't raised? Even if the trial court may not have seen it that way? Of course. But I don't believe that based on this record that this court can affirm that denial. Well, how about if this court would follow Carr and say that the affidavit must be notarized? Well, in Carr, this court also stated that even though the affidavits were notarized, there can be a summary dismissal unless the allegations stand unrebutted and unsupported by the record. This court, as an alternative theory, said we're dismissing it, that we agree that it should be dismissed because it was not notarized. But even though it wasn't notarized, we're still going to address the merits of the case. Isn't that what this court said? As an aside, we're going to address the merits of the case. You wrote it, don't you think you know what you said? Yeah, I know what I said. He may not know that, but I do. Why don't you tell him what you said? I agree with that. I think that really shows that this is not a jurisdictional requirement. Let's set that aside. Let's assume it's not a jurisdictional requirement. I tend to think that you're right about that. We'll find out that under the Belville-Toyota line of cases, the circuit court's jurisdiction emanates from the Constitution, not from the legislature. So I think that's going to be a hard sell, that the court didn't have jurisdiction or legal authority to entertain a petition in the first place. But getting to the issue of this affidavit not being notarized and not following the technical formalities of the Post-Conviction Act, if you hang your hat on Section 109 of the Code of Civil Procedure, isn't that problematic? Why would that take the place of the specific requirements under the Post-Conviction Act of a notarized affidavit? How is this petition legally sufficient? It's legally sufficient because a proper claim of ineffective assistance of counsel was made. Well, how can it be made properly if the petition is in accordance with the Post-Conviction Act? If it's not in the right format or if it doesn't have the right notarizations, then that's ineffective. Actually, PC counsel then was acting unreasonably in providing these documents without preparing them for review. It was per se, correct? Yes. Yes. But the attorney was appointed, and he filed a second amended petition, and he didn't include the affidavits, which is the first thing he should have done. All right, but we're dancing around the issue. Is a petition that does not have a proper affidavit under the Post-Conviction Act a valid petition? Yes, if the court wants it to be. If the court wants it to be. What does the law have to say about this? Well, the law says that without the notarization, the petition is fatal. Right. It's defective. That's correct. But if the court does not want to hold that, it's not required to, it's not a mandate. What if this case went to an evidentiary hearing, found out that indeed he was unfit, indeed he asked counsel? He goes back, he has a trial, and then we say, wait a second, that petition wasn't notarized. How much weight are we going to give that, especially when we have counsel? Counsel, didn't he claim, I could be confusing this case with others, but didn't he claim that his counsel did not follow his request to file a motion to vacate the petition? Yes, that's the biggie, because that in itself shows counsel was ineffective. I believe the law is that in that event, he's attempting to establish ineffectiveness of counsel. Correct? Yes. And when you establish ineffectiveness of counsel, it's a two-pronged test. One is ineffectiveness and prejudice. Now, if he's established ineffectiveness based upon his allegation that his counsel didn't move to vacate the plea, what in the record establishes that there would have been prejudicial error arising such that there probably would have been relief granted? In other words, where in the petition or the pleadings is there any indication that had a motion to vacate the plea been filed, there would have been valid grounds which a good probability would have resulted in a vacation of the plea? Well, first of all, there are valid grounds. And before I say what those are … Why don't you tell me the ones that are in the record? Okay. The ones that are reflected in the record is that counsel failed to file a motion to withdraw the guilty plea, which denied him a hearing on that. And in the event he loses, it denied him a direct appeal. Those entire things were lost. The second thing is he claimed that he was unfit. And there were, in the petition, documents showing that he attempted to commit suicide two weeks before this plea. And if we look at the plea, the plea itself supports his position. The court never even told him what he was pleading guilty to. It didn't explain the charge. And on top of that … Let me interject my concerns. You're making statements. You're making arguments. You're making rationales. My question is, are these things in the record? Yes. Okay. That's all I need to know. So as far as unrebutted, we have the statement about the drugs, the statement about the suicide, the statement about he has counsel to file a motion to withdraw the guilty plea. I think one of the reasons why the courts of Flores came to this conclusion because they felt that this is a major thing that a person is losing, a direct appeal. And if it's such a major thing, why are we going to require the defendant to show he's going to win? And the second thing is, which is probably the most important one, is that we don't know what's going to happen if that appeal goes up. We don't know what's going to be raised, or we don't know what's going to happen in the motion to withdraw the guilty plea. Well, any time you're alleging ineffective, you have a prejudice component, do you not? Yes. Isn't the defendant always required to show that there was some prejudice? How do you just separate that out? The prejudice is he was denied, after asking counsel to file a motion to withdraw the guilty plea, he was denied those hearings. But I thought prejudice was supposed to be based upon a benchmark of whether or not there would be a resulting change in the status of the defendant if someone showed up. In other words, he's no longer in jail, he's vacated the plea. To say that someone's been denied something when the grant would have resulted in no change in his status is not prejudice. Oh, I'd have to disagree with that. I think the prejudice is presumed in this type of situation. Losing that motion to withdraw the guilty plea and losing that… Did you cite a case for authority? Because I don't remember that you did. Flores-Ortega. So you seem to be saying that if the defendant directs his counsel to file a motion to withdraw and he doesn't do it, that's the end of the analysis. Whether or not there was any likelihood it would have been granted, you're saying is irrelevant, right? I think that that would require an evidentiary hearing, yes. You're – did you cite People v. Fern? I was looking at People v. Fern that talked about counsel – the defendant who requested to withdraw the guilty plea. But then you also have to apply the Strickland standard at that point, correct? Yes. So that's where you're saying you need to get to an evidentiary hearing. That's right, because Strickland – under Strickland, prejudice is presumed. This is different from other types of allegations. Oh, no. Strickland is presumed, so you're saying that if you find that he asked to withdraw his guilty plea, guilty plea was – no motion was filed, then Strickland is presumed that… Yes, like in People v. Edwards where the individual pled guilty and then told counsel to file a motion to withdraw the guilty plea. And counsel didn't do that and basically said in court, I walk grounds. And the defendant says, well, counsel's not supposed to question me about walk grounds. I wanted to file that. And Edwards said, well, yeah, then we have to find out whether or not P.S. counsel to file it. Edwards talks about the first stage of the post-conviction petition. Well, it was a first-stage dismissal, yes. I see what you're saying. You're saying that in the first stage there's enough to get to the second stage. You're not saying that at some point there has to be a showing that it would have been granted. You're just saying that that comes with the second stage, not the first stage. And this was a first-stage dismissal. No. This was a second-stage. This was a second-stage dismissal. In Edwards, it was a first-stage dismissal. But in Edwards, the court says that when you go to the second stage that counsel must make a substantial showing that he told the attorney about his motion and he was ineffective for doing so, and then you have to go into the Strickland evaluation. So, at the second stage, you have to do that based on Edwards, don't you? I have to disagree with that. Florence Ortega says that prejudice is presumed. So, if you go into Strickland, it's presumed anyway. That is already proven. Are you familiar with the Gomez case? No, sir. 409 Illinois Appellate 3rd, 335. No, sir. It says that where petition survives summary dismissal, the defendant must establish the stage to the justifiable basis he would have had to move to withdraw the plea of guilty and that there was a reasonable probability that the motion would have been granted. That's wrong. You're saying it's wrong. That's what the court held in the case. So, are we supposed to ignore an appellate court decision? If the United States Supreme Court is different from that, yes. And it is. So, you're saying Gomez was obviously wrongfully decided? Absolutely. Okay. Any questions? You'll have a chance to rebuttal. Thank you. Thank you. Actually, you'll have an opportunity, not a chance. Ms. Krupke? May it please the court? Joan Krupke on behalf of the people of the State of Illinois Council. I would like to address the jurisdictional claim that we are making. I can see, I know that this panel is not convinced of this argument from the questions that were directed at opposing counsel. The Post-Conviction Hearing Act is a statute which gives collateral review to a defendant. It's not a constitutional right that the defendant has. And as they say, it comes about through legislative grace. The General Assembly enacted this statute and allows the defendant another avenue to come. So, the legislature created, in essence, a cause of action for the defendant in these circumstances. That's correct. How does the legislature creating a cause of action confer or not confer jurisdiction on the circuit court? Oh, no. The circuit court has jurisdiction to hear a post-conviction petition. Oh, I think that's obvious. That's obvious. So, where does the lack of jurisdiction come from? The lack of jurisdiction comes. You look at the statute and the statute says, excuse me, under 122-1B, the action commences when the defendant shall, so it is a mandatory act, shall file a petition verified by affidavit. An affidavit is a statement that is sworn to by one person in front of somebody else. The 1109 verification is a self-verification. Let's get beyond that for a second. Okay. Assuming that the defendant doesn't do that, for the sake of the argument, what does that have to do with the court's ability and legal authority to entertain the petition and to rule it? Oh, no. They can. The petition comes up to the circuit court. What the circuit court, I would argue, should do, should have done in this case, flip open it up, flip to the back, look at the signature. Was the signature notarized? Yes or no. No notary stamp? The court has a jurisdiction to dismiss. Just like this court would then have the jurisdiction to review that, and if the defendant appealed it, this court has the jurisdiction to review that decision. Why are you arguing in your brief that this court has no jurisdiction? Because you don't, because that's not what happened. What the court did was, whether it determined or did not determine or even look at whether or not that petition had been verified, I'm saying that's what they should have done, because that's when their jurisdiction ended, because nothing had commenced, nothing was in front of it. There was no action pending. Didn't the state waive that argument? I mean, the state, presumably, though, the state doesn't have any input at the first stage. But we don't. But when it went to the second stage, did the state waive that argument? No, we didn't. And it's not waived. It's not waived for what you said before, in that you, on appeal, can affirm or reverse based on anything off record, and it is off record that it was not a verified petition. That's number one. Now, the defendant cites the people versus O'Neill and says, oh, no, the state can waive something. But O'Neill is talking about when the state is the appellant. And then O'Neill's state was the appellant. And in all four cases that, if you look at the pinpoint that support the language there, when they're saying it's good for the goose, it's good for the gander, that's when the state is the appellant. We're the appellee here. And so was it a mistake for us not to have raised it? Yes, it wasn't caught below. Why is it the fact that it was not raised by the state, not a procedural default vis-a-vis a waiver? Because you can affirm or reverse based on anything off record. And this petition was not properly before the circuit court. This affidavit is nothing more than a piece of evidence. It's not a plea. And if it's a piece of evidence, just like the case of Grinnell Banks, if a breathalyzer goes into evidence without objection, even though it hasn't been certified, it goes in for whatever value it has. And if this affidavit hasn't been certified, notarized or otherwise validated, it goes in evidence for whatever purpose it is worth. And more so because the state didn't object. You are essentially ambushing the defendant because had you objected at the time, maybe someone in the courtroom might have gone outside the courtroom and notarized it based upon a representation made by the defendant in the hallway. I disagree with this for several reasons. First of all, it's not a piece of evidence. It is the vehicle by which, in a sense, it commences the action. It commences the action. It may also be evidence, but it is the document which starts the ball rolling. And it says it shall be verified by affidavit. It's mandatory that this is what, it's not just some signature that we have. And as to your second part on this, in this particular case, no, they couldn't go out and get it re-certified later on. Why not? Well, once they had appointed counsel, the counsel then went and also did not file verified petition. They filed an amended petition and a second amended petition and signed them, respectfully submitted, just like the attorneys did in People v. Roth. And by that time, the three years had run and they were timed out. So we could have gotten them on timeliness. So how is that not an ineffective assistance, Ms. Crofty? It's not ineffective. Unreasonable assistance of counsel? It absolutely is. But what I'm saying is that that counsel is like a nullity. They're not even there because the court never had the authority to enter an order either moving it to the second stage or to appoint those counsel. So you can't have – Okay, we're moving away now from the phrase jurisdiction because that's the opening point. I think jurisdiction is a hard sell. I think you can say the court erroneously believed it should have docketed it for the second stage. But when you say this court has no jurisdiction, I don't think that's accurate. Well, I don't – from your nodding, I would say that perhaps Justice Shostak is agreeing with me that the court had no authority to enter those orders. If those orders are void, as Flowers says, a void order does not cloak an appellate court with jurisdiction. What you have is the jurisdiction to review your own jurisdiction. If the court below didn't have an action that commenced in front of it, then there's a nullity below. Now – and so when it comes up to this court, what this court should say is did they have jurisdiction? Was it properly before the court below? And the answer has to be no. And why is it no? Because they were mandated to file, to start the action with a verified petition. So you're saying a defective pleading is a void pleading. If a pleading is defective, the entire proceeding is void. In this particular case, under this particular statute, I'm not saying that it's void. I'm saying that once – it's a not – it lacks legal authority and it is a nullity under the language of other cases. Does that then mean that he can file multiple petitions with multiply defective, unnotarized affidavits, and so long as he does this all within the time limitations, Grace Judicata will never raise its ugly head? I think the answer to that is yes. And when this case – when I first started reviewing this case, what happened in here was the defendant filed a petition. I don't know if it was notarized or not. And then he later – he had three years to file his petitions. He filed a petition, and within that three-year period, for whatever reason, he moved to withdraw that petition, which the circuit court granted that motion. Then he filed the petition that's at issue here. So when I first looked at that, I said, well, I don't know. Should I say that he can't do that without asking leave of court? Is it a successive petition? And I thought, well, no, it's not a successive petition. You can't have a successive to a nullity because the thing that was there is gone. So if he had come up in this case and filed his defective petition, and if the circuit court had looked at it, flipped to the back, said, oh, no notarization, bad, dismissed, a couple of things could have happened. He could have come up here and asked this court to review that dismissal. This court then would have had jurisdiction to look at that dismissal and either affirm or dismiss or reverse. Or if the defendant decided not to appeal it, yes, I believe that if he was within the three years, or whatever his time was, he could have filed another petition, and we hope that he eventually would have filed one that was not defective, that wasn't lacking the notarization. Now, what about the defendants that have timed out? Well, they can come in, they can file a late petition, and they can try and prove that they weren't culpably negligent on it. Maybe the notary wasn't there. We don't know. But, and I'm not saying that this is an easy hurdle to overcome, but they can keep going up the appellate process. If the circuit court says no, they'll be right back. Let's get away from the issue of the defect in the petition. Okay. I understand the argument. If we reach some of the merits, what about the argument that the Code of Civil Procedure allows a verification that is not a notarized affidavit in lieu of the notarized affidavit? What's your response to that argument? I believe that that notarization is available to attorneys. Attorneys are officers of the court. They've come before. When they're sworn in, we take an oath to the Constitution, to the laws of the state. We aver that we're going to present pleadings that are not false pleadings to a court, and therefore we can self-authenticate. As the law also says on these things, when you look at the law that I presented in here in our brief, a verified affidavit, unless the statute itself explains what they mean by a verified affidavit, the default explanation is it must be a notarization. And this is longstanding law. So you're saying this only applies to the Code of Civil Procedure, but it doesn't apply to post-conviction? Is that, in essence, your argument? I think that the attorneys, when they filed the amendments, they could have used the 735, 510, 109s. I don't think that they were necessarily obligated to have their signature on that. But the defendant has to under the post-conviction. The defendant has to. He's not an attorney. He's a felon. He's a convicted felon. But does the post-conviction act, doesn't the post-conviction act say that it must be notarized under this act? It doesn't delineate between lawyers and defendants, does it? It says it must be a verified petition. Verified affidavit. It says it must be a verified affidavit. The act requires an actual affidavit, right? Excuse me? The act requires an actual affidavit. It does. And doesn't it go on to say that the affidavits filed pursuant to the act must be notarized? Where are you reading that from? Did you find it? Post-conviction. Oh, and Carr says that. Oh, because Carr says that. Yes, and I would agree with Carr. The only thing I don't agree with Carr is I think that you should have taken it one step further and said that you didn't have jurisdiction over the case. And the difference between Carr and Nishkoda or Delton was in, well, there was two things that I disagree with about those that differentiate those cases. Those cases dealt with the petitions that supported the affidavit, the 122-2 petitions. And so the court definitely had jurisdiction because those two cases never addressed whether or not the affidavit on the petition itself had been notarized. So we must presume that the court, quote, had jurisdiction and could affirm the dismissal on those cases. If I understand your argument correctly, it is that the trial court does not acquire jurisdiction if an unverified affidavit is filed in support of the original petition filed by the defendant. It doesn't have jurisdiction to continue on and enter orders or to review the instinctuality. And therefore, if they go to the second and if they go to the third and if there's testimony elicited by all parties and the trial court listens to the evidence and the testimony and the direct evidence, whatever, makes findings of facts and conclusions of law, and then someone appeals to this court, and it might be the state, the state could claim that the judgment should be reversed, actually vacated, on the basis that the trial court did not have the jurisdiction to ever get to the third level. Well, they could do that if nobody came up with the second level after the second stage. Because after the second stage, one party's going to win and one party's going to lose, and then the losing party can always appeal. And at that point, like in this case, that issue can be raised. So you might never get to the third stage. Finally, what about the issue that the post-conviction counsel that was appointed should have made the amendment so that the petition was in proper form? Isn't that a legitimate argument? No, it's not. Not in this case. Because by the time the defendants appointed counsel, who I don't think should be there at all, so they shouldn't be amending anything, but assuming that they're there. Yeah, because all these people who never should have been there in the first place somehow ended up there. So let's go with that. That's correct. Okay, so these attorneys, when they filed their amended and their second amended petitions, which also were not verified by any affidavit, they filed those things, their petitions, past the three-year deadline. In other words, the defendant's initial petition, which was never – they were predicating their amended petitions on the first pro se petition. Since the pro se petition never started the action, the action went for three years, and then they filed their amended and their second amendment outside the three years. So nobody could say to them, come in and amend it at this stage. They were timed out at that stage. Let's assume, Ms. Krupke, that they weren't timed out because let's assume that the affidavit, for argument's sake, were rejected par and the affidavit's okay. At the point that they file an amended without an affidavit or without an affidavit, are they – can't he argue ineffectiveness at that point? Unreasonable assistance? Unreasonable assistance. He could up here, but we can also come back and – right. I mean, clearly that is unreasonable assistance. Well, if they file a valid affidavit at the second stage, does that relate back into the court – the jurisdiction that it didn't have when supposedly the original affidavit wasn't verified? In other words, if the attorneys had filed properly notarized or verified affidavits within the three-year period? No, within the second stage of the proceeding. But it has to be within the three-year period. It has to be within the time given to the defendant. So you're saying it's outside of the period because that initial affidavit was not submitted? Well, the initial affidavit – it doesn't matter when you submit the affidavit as long as it's within the time period allocated to the defendant. They've either got six months or three years or however it shakes out. So the defendant ends up waiving and can waive something, but in this case, of course, the State couldn't waive anything. We have it as a sword and – No, I don't think anybody's waiving anything here. Well, that was his question. I don't understand it. Did you not waive – since there was no argument below, why didn't the document waiver apply to your position? Because you can affirm on any basis in the record because we were the appellees and not the appellants. I understand that. Are there any other questions? Thank you. Thank you. Mr. Hildebrand? Thank you. In People v. Turner, which is 187 Hill 2nd 406, the defendant filed a petition, no affidavits, no witnesses, and no affidavit from himself. Counsel's appointed. Counsel doesn't amend it. Doesn't include any affidavits, doesn't notarize anything, doesn't even get an affidavit from the defendant himself. And the Supreme Court stated that the failure to have the affidavits is unreasonable representation. And that defendant was given a chance to reclaim. That's what we want. We want the same thing. And we have shown more than what was in Turner. We have specific allegations that he may not have been unfit. And the record supports that. And if you look at the plea, that doesn't support any, like, that doesn't support any position that the State might take. Say, well, didn't he agree that, didn't he say that, yes, he did this? Yes, but we don't even know what he's saying yes to because there is no explanation of the charge. There was no factual basis given. He was not even told about his appellate rights. And there was nothing said about the State's promise to not file charges as part of the agreement after the plea had already been accepted. And then when the court asked the defendant about, do you have any questions about this plea, the defendant says, I'm sorry. And the judge says, what are you talking about? I'm asking you a question about the plea. What do you say you're sorry about? Everything in the plea shows that there's a possible merit to this and that this would require an evidentiary hearing, especially because as we stand right now, the defendant's claim that he told defense counsel to file that motion to withdraw the guilty plea is unrebutted. All of his allegations about the drugs, about the suicide attempts right before the plea, that is all unrebutted, too. That's what we want. We would like what Turner got. And that he didn't have affidavits, let alone verified affidavits. He got relief. And we should, too, especially with Flores Ortega, to support it. If we're going to say that these, you have to have amputations, you have to have a motorized, well, that we're going to have to undo a lot of cases. Well, if the allegation were not ineffective assistance and it was pro se throughout and there was no affidavit, would you be arguing the same way or would you agree with Carr? Or is there no way that you're going to agree with Carr? I'd agree with Carr in that you still look at whether the allegations are unrebutted by the record, and in this case they are. So it's different from Carr. You're saying that he didn't need an affidavit. I'm saying that his allegations, well, his allegations were not unrebutted by the record. The point is, if you have an unrebutted record, what do you need an affidavit for? Absolutely. I agree with you on that. I missed your point, but that's exactly right. And some of these documents from the Department of Corrections, does that really need to be verified? Does that need to be in affidavit form? Well, wouldn't we need an affidavit or wouldn't every person sitting in prison today just be able to file some post-conviction? If you're not swearing to it, you don't have to have an affidavit. How do we conclude frivolous and untrue allegations? Well, because they run the risk of having it summarily dismissed and on appeal, he's going to lose. And that's another thing I wanted to talk about, is that in the State's brief, they say something about counsel did not have a reasonable basis to file the motion to withdraw the guilty plea and there's nothing on the record. Well, there is something on the record, and it doesn't matter what merit trial counsel believed it had. If the defendant went up to her and said, please file a motion to withdraw the guilty plea, and counsel asked why, and the defendant says, because I've changed my mind and I want a trial. But basically you're arguing Ortega again, aren't you? No, I'm arguing that, yes, it all fits into Ortega, but this is just another example. So you would say that Ortega is controlling in this situation? Absolutely. Prejudice is presumed. And just because counsel could file a motion to withdraw the guilty plea on the basis that he wants to change his mind, doesn't mean he's going to win, but that can be granted by the court. And counsel could have told him, well, if we raise that type of issue and we don't get it, you're not going to win an appeal. Because that clearly will not satisfy. One final thought about the other, David. We didn't talk about this. There may be a legitimate reason why the Act has a heightened requirement, different than the Code of Civil Procedure, because in many cases the petitioner is seeking to set aside a judgment that has been final for years. It could have been to the appellate process. So maybe that's the reason that the Act says, you know, you're sitting around, it's years later, you get an idea to do something. If you're going to challenge this and set aside a longstanding judgment, you really need something more than just your signature on the document. Just a thought. Thank you. Thank you very much. There's another case on the call. We'll take a short recess.